**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-00238-MSK-DLW

**DEBRA A. HART,**

    Plaintiff,

v.

**DILLON COMPANIES, INC., a Kansas corporation, d/b/a City Market,**

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on a Motion to Dismiss **(#10)** filed by the Defendant, Dillon Companies, Inc. (City Market). The Plaintiff, Debra A. Hart, responded **(#12)**, and City Market replied **(#13)**. The Court now rules as follows.

In her Amended Complaint **(#6)**, Ms. Hart appears to assert three claims for relief under separate headings: (1) retaliation, under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3, *et seq.*; (2) age discrimination, under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq.*; and (3) breach of contract. The instant motion to dismiss concerns only Ms. Hart's age discrimination claim.

City Market contends that because Ms. Hart's Amended Complaint alleges three separate acts by City Market taken against her, she has stated three separate claims of age discrimination[1]: (1) termination of her employment, (2) denial of her request to transfer to a different City Market

---

[1] The Age Discrimination in Employment Act (ADEA) provides in pertinent part that "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1).

store, and (3) denial of her application for a pharmacy position. City Market does not dispute that Ms. Hart timely filed a complaint with the EEOC alleging age discrimination as it related to the termination of her employment. However, City Market contends that Ms. Hart's "other two" claims of age discrimination, based on acts of discrimination in denying her request for a transfer and denying her application for a pharmacy position, must be dismissed under Fed. R. Civ. P. 12(b)(1) because Ms. Hart failed to timely file complaints as to those actions with the EEOC. *See Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (a plaintiff's exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the ADEA).

Ms. Hart responds that her claim of age discrimination is based solely on termination of employment. She asserts that facts about the other two incidents are included in the Amended Complaint only as background information. Indeed, she concedes that she did not timely file any complaint with the EEOC based on acts of discrimination other than the termination of her employment.

The Court agrees with City Market that the Amended Complaint is somewhat unclear as to which act(s) of discrimination Ms. Hart asserts as support for her claim of age discrimination. But because the parties agree that Ms. Hart may only allege age discrimination as it relates to the termination of her employment, there is no basis to "dismiss" her age discrimination "claim," and in this respect, City Market's Motion to Dismiss **(#10)** is **DENIED**. However, the Court understands that Ms. Hart has conceded that her age discrimination claim does not arise from any

adverse employment action other than termination, and thus, she will be estopped from arguing otherwise.

DATED this 10th day of October, 2012.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge