**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

Civil Action No. 12-CV-00238-RM-DW

**DEBRA A. HART,**

**Plaintiff,**

vs.

**DILLON COMPANIES, INC.,**
a Kansas Corporation, d/b/a CITY MARKET,

**Defendant.**

---

**ORDER RE: PLAINTIFF'S MOTION FOR SANCTIONS FOR
SPOLIATION OF EVIDENCE [DOC. #53]**

---

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

The Plaintiff's Motion for Sanctions for Spoliation of Evidence [Doc. #53] was referred to the Magistrate Judge on January 31, 2013 by Chief Judge Martha S. Krieger.

**FINDINGS OF FACT**

Plaintiff has filed a Motion for Sanctions for Spoliation of Evidence to which Defendant has responded. Plaintiff, Debra Hart, was employed by City Market for twenty-one (21) years as a courtesy clerk, checker, scanning coordinator, customer relations manager, head bookkeeper and customer service in Pagosa Springs, Colorado. On August 23, 2011, Plaintiff was terminated by Defendant for allegedly giving herself the incorrect pay rate while working in the bookkeeping department. As part of Defendant's investigation, Steve Pollard, a loss prevention specialist for

1

Defendant, secretly tape recorded an interview with Plaintiff on August 6, 2011 which in part led to the termination of Plaintiff. Also present was Mr. Bard representing the Defendant. On November 1, 2011, Plaintiff filed an E.E.O.C. charge of discrimination. On November 7, 2011, Defendant denied Plaintiff's request for arbitration knowing Plaintiff would probably litigate the matter. Sometime during January, February and March of 2012, Pollard inadvertently taped over or erased his interview with Plaintiff. On January 30, 2012, Plaintiff filed the Complaint in this case. On March 1, 2012, Defendant issued a litigation hold on all related documentation. Before the contents of the tape were destroyed, Pollard prepared a "case narrative" in writing which Defendant asserts is substantially accurate and Plaintiff claims does not include exculpatory information and the tenor of the interview.

## CONCLUSIONS OF LAW

*E.E.O.C.* v. *Dillon Companies, Inc.,* 839 F. Supp. 2d 1141 (D. Colo. 2011) addresses the issues of spoilation of evidence:

    1. is the evidence relevant to an issue at trial;

    2. did the party have a duty to preserve the evidence because it knew or should have known, that litigation was imminent;

    3. was the other party prejudiced by the destruction of the evidence.

The Court finds that Pollard's interview and secret recording of Plaintiff immediately prior to her termination was relevant to Plaintiff's termination as Defendant relied on Pollard's interview in making its decision to terminate Plaintiff.

The Court also finds that Defendant had a duty to preserve the tape recording because it

knew that litigation was imminent. (*See* Exhibit I to Document 64), where Ms. Ross, Labor Relations Manager for Defendant knew when Plaintiff requested arbitration, that Plaintiff "had an attorney, intended to litigate the matter," on November 7, 2011.) and Defendant did not issue a litigation hold until March 1, 2012. It was during this time that the tape was altered and the interview destroyed. 29 C.F.R. 1602.14 requires that personnel or employment records made or kept by employer concerning a terminated employee be kept for one (1) year from the date of termination.

The Court also finds that Plaintiff was prejudiced by the spoliation of the secretly taped interview of Plaintiff. An excerpt from Plaintiff's deposition found in Document 61, Exhibit 6, shows seven (7) instances where Plaintiff claims discrepancies between Pollard's case narrative and Plaintiff's recollection. In Plaintiff's Affidavit attached to Document 55, Exhibit E, Plaintiff provides fourteen (14) alleged discrepancies or omissions with Pollard's case narrative, the most significant involved Plaintiff telling Pollard that she entered the pay adjustment the way she knew how (*See* 3(c) of Exhibit E).

The Court finds that Plaintiff has met her burden to establish a reasonable possibility based on concrete evidence rather than a fertile imagination that access to the lost material would have produced evidence favorable to her cause. *McCargo* v. *Texas Roadhouse, Inc.*, Civil Action No. 09-CV-02889-WYD-KMT and *Gates Rubber Co.* v. *Bando Chem. Indus. Ltd.*, 167 FRD 90, 104 (D. Colo. 1996).

Defendant was clearly four (4) months late in issuing a "litigation hold" concerning the tape in Pollard's possession, and the Court finds Defendant is highly culpable for the failure to preserve

the taped interview.

A failure to preserve evidence may be negligent, grossly negligent, or willful. After the duty to preserve attaches, the failure to collect taped recording from a key player is grossly negligent or willful behavior. Pension Comm., 685 F. Supp. 2d at 455. "Bad faith culpability, 'may not mean evil intent, but simply signify responsibility and control'." *Phillip M. Adams & Associates, L. L. C.* v. *Dell, Inc.*, 621 F. Supp. 2d 1173, 1193 (D. Utah 2009).

The Court hereby **GRANTS** Plaintiff's Motion for Sanctions for Spoliation of Evidence [Doc. #53] and sets a hearing and oral argument as to what sanctions should be imposed on October 10, 2013 at 2:30 p.m. before the Court at 103 Sheppard Drive, Room 235, Durango, Colorado.

**DATED: July 9, 2013.**

BY THE COURT:

s/David L. West
United States Magistrate Judge

**NOTICE: Pursuant to Fed. R. Civ. P. 72(a) "[w]ithin 14 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that**

**the magistrate's order is clearly erroneous or contrary to law.").**