**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00238-RM-DW

DEBRA A. HART

Plaintiff,

v.

DILLON COMPANIES, INC.,
A KANSAS CORPORATION,
D/B/A CITY MARKET,

Defendant.

_____

**DEFENDANT'S OBJECTIONS TO ORDER RE:**
**PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**
_____

Pursuant to Federal Rule of Civil Procedure 72(a), Defendant Dillon Companies, Inc. d/b/a City Market ("City Market") submits these Objections to the Magistrate Judge's Order ([Doc. #71] "Order") granting Plaintiff's Motion for Sanctions for Spoliation of Evidence ([Doc. #53] "Plaintiff's Motion"), and would respectfully show the Court as follows:

**I.**
**INTRODUCTION**

Plaintiff complains that one of City Market's Loss Prevention officers, Steve Pollard, recorded investigation meetings with Plaintiff and later taped over the digital recording when his recorder was full. It is undisputed that: (1) Pollard made a detailed transcript of the meetings; (2) at least one meeting was attended by another witness who took detailed notes; and (3) Plaintiff has a full recollection of the meetings and has testified as to her account.

Under such circumstances, the Magistrate erred in finding that Plaintiff was "prejudiced" by the inadvertent deletion of the recording. The Magistrate correctly noted that the transcript created by Pollard is not 100% consistent with Plaintiff's recollection. However, Plaintiff did not carry her burden to establish that she is ***actually prejudiced*** by such discrepancies. For example, there is no evidence that the discrepancies relate to disputed events.

Similarly, City Market objects to the finding that it acted in bad faith. Pollard testified that he spent seven (7) hours typing out a transcript of his meetings with Plaintiff, the vast majority of which is conceded to be accurate by Plaintiff. These are not the actions of someone trying to hide evidence. City Market timely issued a litigation hold letter to Pollard, but the digital recorder had already overwritten the recording. Pollard made a mistake – but not every mistake is bad faith.

Lastly, Plaintiff's Motion is a not so subtle attempt to take two (2) bites at the proverbial sanctions apple. The issues raised by Plaintiff in her Motion are intertwined and inseparable from issues that will necessarily need to be determined by the trial court. For example, the question of whether Plaintiff has been "prejudiced" by the loss of the tape directly relates to the admissibility of Pollard's transcript. Further, one possible sanction, if any sanction is warranted, would be to appropriately instruct the jury regarding the loss of the tape and any inference which should be made. The Magistrate cannot decide these issues since he is not the trial court judge.

If any sanction is appropriate, City Market should only be penalized once, and the adjudicator of that decision should have the full range of measures at his or her disposal. For example, it would be grossly unfair for Plaintiff to urge the Magistrate to award a monetary sanction, and then later urge the trial court to grant an adverse inference jury instruction as a

further penalty. That is double dipping. Accordingly, City Market respectfully requests that the trial court exercise jurisdiction over Plaintiff's Motion and take the matter under advisement until trial,[1] when the Court will be in the best position to decide upon an appropriate course of action which fairly remedies any prejudice to Plaintiff, but also ensures justice to City Market.

## II.
## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72, a magistrate judge may issue orders on nondispositive matters. FED. R. CIV. P. 72(a). A party may then object to the magistrate judge's order by filing objections within 14 days after being served with the order. FED. R. CIV. P. 72(a). The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See id*; *see generally Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). The trial court may sustain the objections if it finds that the magistrate judge abused his discretion or, if after viewing the record as a whole, the trial court is left with a "definite and firm conviction that a mistake has been made." *Ariza*, 167 F.R.D. at 133, citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

## III.
## OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

**A.    City Market Objects To The Order's Finding That Plaintiff Suffered Prejudice.**

The Magistrate found that Plaintiff was prejudiced because Plaintiff alleged several discrepancies in or omissions from the transcription, and this lost information would have produced evidence "favorable to [plaintiff's] cause." *See* [Doc. # 71] Order, p. 3. However,

---

[1] Obviously, if the Court grants the pending summary judgment motion, the Court could then refer the matter back to the Magistrate for adjudication, as the concerns of City Market would be moot.

when considering spoliation, the Tenth Circuit is clear there must be evidence that the aggrieved party was actually, ***not merely theoretically***, prejudiced. *Burlington Northern & Santa Fe Ry. v. Grant*, 505 F.3d 1013, 1032-33 (10th Cir. 2007); *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1150 (10th Cir. 2009). Furthermore, "[s]poliation of evidence causes prejudice when, as a result of the spoliation, the party claiming spoliation cannot present "evidence ***essential to its underlying claim***." *Krumwiede v. Brighton Assocs., L.L.C.*, No. 05-C-3003, 2006 WL 1308629, at *10 (N.D. Ill. May 8, 2006) (emphasis added).

This is not a case where the missing evidence is unique or unavailable through other means. Plaintiff was at the meetings with Pollard and can tell the jury her version of events. Eric Bard, another City Market employee, was also at one of the meetings and took detailed notes, which have been produced in discovery. The question to be decided is not whether there are any inconsistencies between the various accounts, but whether there is a dispute between the parties over <u>relevant</u> events during these meetings, where the loss of the tape would be prejudicial to Plaintiff's ability to prove her case. Plaintiff admits as much in her Reply wherein she states: "If Defendant had produced affidavits from Mr. Pollard and Mr. Bard stating that they agreed with everything Ms. Hart has set forth disputing the Case Narrative (including the tone and tenor of the interviews) then admittedly the problem of prejudice might be resolved." *See* [Doc. #64] Plaintiff's Reply, p. 12.

The problem with Plaintiff's argument is that it presumes it is City Market's burden to show an absence of prejudice. The opposite is true – Plaintiff bears the affirmative burden of establishing prejudice. Plaintiff devoted the bulk of her Motion and Reply to proving there are minor discrepancies between Pollard's transcript and Plaintiff's recollection of the events. This

4

is only step one of Plaintiff's burden, and she wholly fails to take the next (and most important step) in showing that said discrepancies are relevant and disputed, thus establishing prejudice.

Plaintiff admitted in sworn deposition testimony that the overwhelming majority of the transcript summary was accurate. *See* [Doc. #61] City Market's Response, Ex. 6, pp. 208/6-216/19, pp. 225/21-232/11. The portions of the meetings relied upon by City Market in its Motion for Summary Judgment were all confirmed by Plaintiff in her deposition or are otherwise undisputed. For example, City Market, in part, found Plaintiff untruthful because she admittedly gave conflicting stories to Pollard about whether she made the adjustment to her own pay or whether it was done by someone else: "I have never entered or changed my own pay", "Betty or Becca put in the pay adjust", and "I am 100% sure I didn't do the adjust" versus "If it was done by me it was a mistake" and "I came to my pay card and changed the code to BK for Bookkeeping from SC (Service Counter) so that my pay would be adjusted from 13.85 to 15.15."[2] *See* [Doc. #51] Motion for Summary Judgment, p. 10, Ex. 11.

The Magistrate only identified one discrepancy in his Order, which he found "most significant." *See* [Doc. #71] Order, p. 3. That discrepancy involved Plaintiff's claim that she told Pollard "that she entered the pay adjustment the way she knew how." *See id*. Finding such an omission from Pollard's transcript to be prejudicial is error because there is no evidence of a dispute over whether this was told to Pollard. City Market does not dispute that Plaintiff told Pollard she made her own pay adjustment, or that she said "the way I know how" (implying that she did not intend to steal). Instead, the relevant issue is that Plaintiff told conflicting stories

---

[2] The other relevant area of untruthfulness identified by City Market was Plaintiff's denial that she had been told previously by her supervisor about (or seen) an email hanging in the bookkeeping office related to Plaintiff's previous overpayment and advising how to perform the pay adjustment properly. *See* [Doc. #51] Motion for Summary Judgment, p. 10, 17.

about whether she made her own pay adjustment. *See* [Doc. #51] Motion for Summary Judgment, pp. 9-10. The alleged "inconsistency" only adds one more statement to the pile of already conflicting statements of whether Plaintiff did or did not perform her own pay adjust.

Plaintiff should not be awarded sanctions simply because the Pollard summary is not a verbatim transcript. Pollard concedes he left things out and it is not a "word for word" transcript. *See* [Doc. #61] City Market's Response to Plaintiff's Motion, p. 7. Nothing prevents Plaintiff from testifying about what happened in the interviews with Pollard, and Plaintiff has offered no evidence of a relevant fact in her testimony which is disputed by Pollard, Bard, or both. To the extent Plaintiff never bothered to ask Pollard or Bard (both of whom have been deposed) whether they agree with Plaintiff's version of events, that is a failing of Plaintiff to prove prejudice, and the Court should not simply assume there will be a disputed issue at trial, or require City Market to disprove prejudice.

Further, the Order is inconsistent with other recent spoliation decisions establishing that, where alternative means exist to refute the evidence, courts should decline to impose sanctions because there is no prejudice. *See Blangsted v. Snowmass-Wildcat Fire Prot. Dist.*, 642 F.Supp.2d 1250, 1262 (D. Colo. 2009) (where plaintiff recorded his termination meeting but later lost the recording, court noted that the degree of prejudice to the defendant for the loss of the recording was "***relatively small***" because there was significant other evidence supporting the plaintiff's theory of the case, the dispute about what did transpire was not the deciding factor in this case, and the defendant's employees testified about their version of what transpired during the termination meeting); *Chavez v. Hatterman*, Civil Action No. 06-cv-02525-WYD-MEH, 2009 U.S. Dist. LEXIS 30580 (D. Colo. January 20, 2009) (failure to preserve taser data

identifying the length of time tased did not prejudice the plaintiff because the lost data could only show that it was used against the plaintiff, and there were witnesses to the incident, including the plaintiff who was free to testify concerning what he experienced); *OTO Software, Inc. v. Highwall Techs., LLC*, Civil Action No. 08-cv-01897-PAB-CBS, 2010 U.S. Dist. LEXIS 101516 (D. Colo. Sept. 27, 2010) (court declined to impose spoliation sanctions where duplicative documentary evidence was available); *FTC v. Affiliate Strategies, Inc.*, No. 09-4104-JAR, 2011 U.S. Dist. LEXIS 56447 *15-20 (D. Kan. Jan. 26, 2011) (court declined to award sanctions where the defendant destroyed paper copies of sales call sheets but produced digital copies, because plaintiff's argument of possible harm was speculative in nature, and plaintiff could call the sales people who used the call sheets to testify at trial).

Both Plaintiff and the Magistrate's reliance on *EEOC v. Dillon Companies, Inc.*, 839 F.Supp.2d 1141 (D. Colo. 2011) is misplaced. In that case, the company lost a video tape of an incident which served as the basis for the plaintiff's termination. There were no witnesses to the incident, and management's decision was made ***after watching the videotape.*** In contrast, there is no evidence that City Market officials listened to the Pollard tape recording, or even knew it existed. Unlike in the *EEOC* case, here, the lost evidence was not relied upon to make the employment decision, and is only secondarily relevant to resolve a potential credibility dispute.

Insofar as Plaintiff cannot demonstrate she suffered any actual harm, and rather offers nothing more than a theoretical claim of prejudice, the Magistrate erred in his finding and Plaintiff's Motion should be denied. *See Burlington Northern & Santa Fe Ry. v. Grant*, 505 F.3d at 1032-33 (court denied motion for spoliation sanctions because plaintiff was not meaningfully prejudiced by removal and destruction of evidence where there were other documents generated

and the factual disputes were negligible); *see also Kokins v. Teleflex, Inc.*, No. 06-cv-01018-wdmpac, 2007 WL 4322322, at *2 (D. Colo. Dec. 6, 2007) ("When deciding whether to sanction a party for the spoliation of evidence, courts have considered a variety of factors, two of which generally carry the most weight: (1) the degree of culpability of the party who lost or destroyed the evidence; and (2) the degree of *actual prejudice* to the other party.") (emphasis added).

**B.     The Magistrate Judge Erred In Finding That City Market Acted In Bad Faith.**

"'Bad faith' is the antithesis of good faith and has been defined in the cases to be when a thing is done dishonestly and not merely negligently. It is also defined as that which imports a dishonest purpose and implies wrongdoing or some motive of self-interest." *See OTO*, *supra*, at n.6 (citing *Attorneys Title Guaranty Fund v. Goodman*, 179 F. Supp. 2d 1268, 1277 (D. Utah 2001)). There was nothing grossly negligent, deliberate, or willful about Pollard's or City Market's actions. First, the erasure of the interviews from the digital tape recording was mere inadvertence, and not intentional. *See* [Doc. #61] City Market's Response, Ex. 1, pp. 16/6-17/21. Even the Magistrate characterized Pollard's actions as "inadvertent." *See* [Doc. #71] Order, p. 2. In fact, it is notable that the digital recording was not willfully deleted or destroyed, but was erased because of limited memory capacity. *See e.g., Wardleigh v. Slater*, No. 1:07-cv-108, 2010 LEXIS 6997, at *18 (D. Utah Jan. 28, 2010)("Moreover, unlike the policy-based destruction of recordings in Henning, the recordings Plaintiff requested nine months after the alleged incident were not intentionally removed or destroyed, but were automatically overwritten by a digital surveillance system with finite memory. On this record, the evidence is insufficient to support an adverse inference of wrongdoing …"). Bad faith implies a degree of culpability beyond inadvertence.

Before the inadvertent erasure, Pollard made every effort to document the meetings, including preserving his handwritten notes, which were produced to Plaintiff in discovery. Pollard also spent more than seven (7) hours to create an account of the meetings through the transcription.  *See* [Doc. #61] City Market's Response, Ex. 1, pp. 54/24-55/12, p. 56/1-4. Although Plaintiff claims Pollard left things out of his transcript, there is no evidence that he did so with any ill intent.[3]  For example, there is no evidence in the record where Pollard has disagreed with any of the "discrepancies" between his narrative and Plaintiff's recollection. If Pollard's intent was to destroy the tape to get rid of harmful evidence, one would expect Pollard to deny the existence of the supposed "harmful evidence." Such a scenario is not present in this case.

Additionally, Pollard admitted that, following the meetings, he did not inform anyone at City Market that he made a tape recording or that he subsequently erased it. *See* [Doc. #61] City Market's Response, Ex. 1 p. 19/1-9.  Absent some knowledge of the existence of the recording, City Market's actions should hardly be construed as demonstrating bad faith, especially when City Market did, in fact, issue a litigation hold memorandum on March 1, 2012, soon after being served with the lawsuit.  By that time, Pollard had already inadvertently recorded over the interviews with Plaintiff.  *See* [Doc. #61] City Market's Response, Ex. 1, pp. 17/25-18/19, Ex. 3, ¶s 4 and 5.

---

[3] Such an effort would also be pointless since another witness was present (Eric Bard) who took detailed notes. There is absolutely no evidence that Pollard and Bard compared notes or otherwise conspired to hide any of the events which took place during the meetings.

To analyze bad faith, the Court must look at the big picture, and City Market's behavior in the case as a whole. For example, in *Turner v. Public Service Co. of Colorado*, 563 F.3d 1136 (10th Cir. 2009), the court affirmed a finding of no bad faith where an employer lost interview notes in a discrimination case. Remarkably, the plaintiff made all of the same arguments advanced in this case, such as the legal requirement to maintain records under 29 C.F.R. § 1602.14. *Id*. at 1149. The Tenth Circuit found no bad faith because the employer provided numerous other documents related to the hiring and made the interviewer "available for a deposition by [plaintiff]'s counsel, during which [interviewer] answered extensive questions regarding the interview process and his decision not to hire [plaintiff]." *Id*. at 1150. The same is true here, as City Market has presented both Pollard and Bard for depositions, and produced all of their notes.

One of City Market's employees made a mistake, which he undoubtedly regrets. That said, City Market has made every good faith effort to comply with its discovery obligations and maintain transparency in the production of documents and information. On this record, as a whole, the Magistrate erred in finding bad faith.

**C.     This Motion Should Properly Be Reserved For Adjudication At Trial.**

Putting aside the merits of Plaintiff's Motion, the biggest problem is that it is a premature request for an evidentiary ruling. Plaintiff asks for "both <u>evidentiary</u> and monetary sanctions" *See* [Doc. #61] Plaintiff's Reply, p. 16. This poses a problem since the Magistrate is not in the best position to make rulings on the admissibility of evidence or decide whether an adverse inference instruction is appropriate in this case. Those questions are best reserved for the trial

court so that the Court can hear all of the evidence and weigh the competing interests of the parties in crafting an appropriate sanction.[4]

For example, the Tenth Circuit has held that allowing jurors to hear about missing evidence, and the circumstances surrounding destruction, is itself a sanction since it places the offending party in a bad light. *See Dalcour v. City of Lakewood*, 492 Fed. Appx. 924 (10th Cir. 2012)("under our precedent, allowing the plaintiffs to question witnesses about missing evidence is a lesser sanction"…); *see also Henning v. Union Pac. R. Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008)(recognizing that allowing a jury to hear about missing videotapes would be a lesser spoliation of evidence sanction). Other obvious and available sanctions would include not allowing Pollard's transcript into evidence, providing the jury with a limiting instruction on the reliability of the Pollard transcript, or issuing an adverse inference instruction.

To the extent the Magistrate is precluded from choosing any of the above sanctions because the parties have not consented to his jurisdiction for trial, and such a ruling would overstep his authority, City Market is prejudiced. City Market should be penalized once (if at all) by an arbiter with all of the available remedies at his or her disposal (both lesser and greater). By removing lesser sanctions from the available options, the odds are increased that City Market will receive a higher sanction than justice requires.

Further, by having the Magistrate issue a non-evidentiary punishment that does not intrude upon the authority of the trial court, such a bifurcated process unfairly increases the risk that City Market will be punished twice. Indeed, Plaintiff makes no bones about her desire to have the Magistrate issue monetary sanctions and the trial court issue evidentiary sanctions. *See*

---

[4] Further, neither party has consented to a trial before the Magistrate in this case.

[Doc. #64] Plaintiff's Reply, p. 16. It is inescapable that the issues in Plaintiff's Motion will be re-litigated at trial, and having one decision maker avoids duplication of efforts and the possibility of inconsistent outcomes, or double punishments.

For example, the dispute over whether City Market acted in bad faith is more than an academic exercise. When considering whether to permit an adverse inference instruction to be given to the jury as a spoliation remedy, the finder of fact must make a determination of bad faith. *See Turner v. Public Service Co. Of Colo.*, 563 F.3d 1136, 1149-50 (10th Cir. 2009) (If the aggrieved party seeks an adverse inference to remedy the spoliation, it must also prove bad faith.); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 864 (10th Cir. 2005) ("[A]n adverse presumption that follows the destruction or spoliation of evidence arises only in cases of willful destruction [or] suppression.") (citation and internal quotation marks omitted) (alteration in original). Accordingly, the trial court should be the arbiter on the issue of bad faith, since the outcome of this question will directly affect the trial and jury instructions.

In sum, if City Market is to be penalized, it should only be sanctioned one time, and in a manner which does not offend the judicial notions of fairness, or compromise the jurisdiction of the trial court. Therefore, City Market respectfully requests that the Magistrate's Order be taken under advisement until such time as a trial is scheduled.

### III.
### CONCLUSION

For the reasons stated herein, City Market respectfully requests that this Court set aside the Magistrate's Order and enter an Order denying Plaintiff's Motion for Sanctions for Spoliation of Evidence. In the alternative, City Market prays that the Court take the Order under advisement until such time as a trial is scheduled.

Respectfully Submitted,

/s/ David L. Barron
David L. Barron
Texas Bar No. 00798051
Norasha L. Williams
Texas Bar No. 24013759
COZEN O'CONNOR
LyondellBasell Tower
1221 McKinney Street, Suite 2900
Houston, TX  77010
Phone:  (832) 214-3900
Fax:  (832) 214-3905
dlbarron@cozen.com
nwilliams@cozen.com

*Counsel for Defendant Dillon Companies, Inc. d/b/a City Market*

Of Counsel:

Mark A. Bartholomaei, #40702
COZEN O'CONNOR
707 17th Street, Suite 3100
Denver, CO 80202
Phone: (720) 479-3900
Fax: (720) 479-3890
mbartholomaei@cozen.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing ***Defendant's Objections to Order Re: Plaintiff's Motion For Sanctions for Spoliation of Evidence*** was served via ECF and email, on this 23rd day of July 2013, upon the following parties:

Reid B. Kelly
The Kelly Law Firm, LLC
4440 N. Pagosa Blvd.
Pagosa Springs, CO 81147
Attorney for Plaintiff Debra Hart
reid@kellylawcolorado.com

/s/ David L. Barron
David L. Barron

16920777\4